IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**GUY MORRISON**                                                                                    **PLAINTIFF**

**V.**                            **CASE NO. 3:25-CV-3046**

**AMY IBERLIN;**
**STEPHENSON EMERY; and**
**WILLIAMS, PORTER,**
**DAY & NEVILLE, P.C.**                                       **DEFENDANTS**

## OPINION

Before the Court is a Motion to Dismiss or Alternatively Request for Transfer (Doc. 13) and Brief in Support (Doc. 14) by Defendants Amy Iberlin, Stephenson Emery, and Williams, Porter, Day & Neville, P.C., and Plaintiff Guy Morrison's Response in Opposition (Doc. 20). This morning, the Court entered a Text Only Order **GRANTING** the alternative relief and **TRANSFERRING** the case to the United States District Court for the District of Wyoming (Doc. 23). This Opinion explains the Court's reasoning.

Mr. Morrison brings claims for legal malpractice, breach of contract, breach of fiduciary duty, and fraud arising from the Defendants' representation of him in a divorce proceeding in Campbell County, Wyoming. (Doc. 2). Williams, Porter, Day & Neville has offices exclusively in the state of Wyoming. (Doc. 13-1, ¶ 2). Neither the firm nor its attorneys named as Defendants advertise legal services in the State of Arkansas. (Doc. 13-1, ¶ 3). Ms. Iberlin is licensed to practice law in Wyoming and lives in Wyoming; she has never resided in Arkansas and has never applied for or practiced law in Arkansas. (Doc. 13-1, ¶¶ 1–2). The same is true for Mr. Emery. (Doc. 13-2, ¶¶ 1–3). Mr. Morrison's case was referred to Ms. Iberlin and Mr. Emery via another Wyoming attorney, and the initial meeting between Mr. Morrison and Ms. Iberlin occurred in-person at the firm's Casper,

1

Wyoming office on July 27, 2022. (Doc. 13-1, ¶ 4). In a counterclaim responding to his ex-wife's complaint for divorce, Mr. Morrison asserted he was a resident of Wyoming and that he and his wife had both lived in Wyoming for more than sixty days prior to filing his counterclaim. *Id*. ¶ 5. Ms. Iberlin and Mr. Emery both claim that all of their firm's legal work occurred in Wyoming, and that neither has ever stepped foot in Arkansas. *Id*. ¶¶ 6–7; Doc. 13-2, ¶¶ 6–7.

In response to Defendants' motion, Plaintiff claims that Ms. Iberlin and Mr. Emery knew he was residing in and was a resident of Arkansas because he sent an email on July 13, 2022, asking Ms. Iberlin if they could "use [his] email address for the time being" because "[he] [is] in Arkansas and [his] mail goes to [his] wife's business address." *See* Doc. 20-2. Ms. Iberlin responded in the affirmative the same day. *Id*. He also claims that Ms. Iberlin and Mr. Emery communicated with him via email, text, and phone while knowing he resided in and was a resident of Arkansas; that he sent or received approximately 500 emails from Arkansas; that he made 30–50 calls to the attorneys from Arkansas; that he received approximately 100 texts while in Arkansas; and that he received bills for legal services from the firm in Arkansas. *Id*. He also alleges in his affidavit that the firm took on but did not perform estate planning work for him, which he characterizes as an "Arkansas estate plan." *Id*. Mr. Morrison does not appear to be seeking relief for any alleged malpractice related to his estate plan in his complaint. *See* Doc. 2.

Defendants argue that this Court lacks personal jurisdiction over them (so Mr. Morrison's Complaint should be dismissed), or alternatively, that the action be transferred to the United States District Court for the District of Wyoming. The Court agrees.

When a defendant challenges a court's personal jurisdiction over them, the plaintiff bears the burden to prove that jurisdiction exists. *Deloney v. Chase*, 755 F. App'x. 592, 595

(8th Cir. 2018). In a diversity case, personal jurisdiction exists "only to the extent permitted by the long-arm statute of the forum state and by the Due Process clause." *Id*. (citing *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592 (8th Cir. 2014)). Arkansas's long arm statute grants the court jurisdiction "to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code. Ann. § 16-4-101(B). Due process, in turn, requires that the defendant establish "minimum contacts in the forum state such that asserting personal jurisdiction and maintaining the lawsuit against the defendant does not offend traditional conceptions of fair play and substantial justice." *K-V Pharm. Co.,* 648 F.3d at 592 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464, 474–477 (1985)) (citation modified). The defendant "must have engaged in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id*.

From these principles, the Eighth Circuit has established five factors a court must consider in determining whether sufficient minimum contacts exist for personal jurisdiction: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of [the forum state] in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id*.

The five factors and prior Eighth Circuit precedent make clear that the Court lacks jurisdiction here. The nature and quality of Ms. Iberlin and Mr. Emery's contacts with Arkansas weigh in their favor. Like in *Deloney v. Chase*, a case in which the Eighth Circuit affirmed the district court's finding that it lacked jurisdiction, the attorneys here reside outside of Arkansas (in Wyoming), are licensed to practice in Wyoming, and have never

been licensed to practice in Arkansas. 55 F. App'x. at 596. They own no property in Arkansas, do not have a branch office in Arkansas, have no employees in Arkansas, have never engaged in advertising in Arkansas, and have never been qualified to do business in Arkansas or had an agent for service of process here. *Id*.; *see also Austad Co. v. Pennie & Edmonds*, 823 F.2d 223, 226 (8th Cir. 1987) (same). Ms. Iberlin met with Mr. Morrison when he was a Wyoming resident, and although he emailed Ms. Iberlin to let her know that he was *in* Arkansas (not a resident of Arkansas), he then later claimed to be a resident of Wyoming in his divorce filings. The firm's legal services were not rendered in Arkansas, and mere contact via telephone or e-mail is insufficient to confer jurisdiction. *Deloney*, 75 F. App'x. at 598 (citing *Porter v. Berall*, 293 F.3d 1073, 1076 (8th Cir. 2002)).

The quantity of contacts is not so overwhelming as to weigh in favor of jurisdiction. Further, the relationship of the cause of action to the contacts weighs in the attorneys' favor: This was a Wyoming divorce that only incidentally involved property located in Arkansas. The last two factors are given less weight than the first three, but they too favor the attorneys to some extent. Wyoming has an interest in the ethical behavior of its attorneys, especially considering those attorneys practice in that state rather than in Arkansas. Further, the Court finds that the convenience of the parties slightly weighs against exercising jurisdiction. Although a minor factor, the attorneys have never traveled to or visited Arkansas, while Mr. Morrison was apparently a Wyoming resident for some time. The convenience of the parties favors the attorneys as well, as the records and witnesses are located in Wyoming. As such, the Court finds it lacks jurisdiction to hear the case.

Although the Court lacks jurisdiction, the Court finds that transfer under 28 U.S.C. § 1406(a) is appropriate. Defendants are residents of Wyoming and conduct business there, so venue is proper and personal jurisdiction over the defendants can be obtained

there. Even where a transferor court lacks personal jurisdiction over the defendants, transfer is still appropriate to promote an "expeditious and orderly adjudication" of the case at bar on its merits. See *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

Pursuant to the Court's Text Only Order (Doc. 23), the case shall be transferred to the United States District Court for the District of Wyoming

**IT IS SO ORDERED** on this 9th day of February, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE